# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-1309
LT Case No. 1191447308

_____

S.W.,

    Appellant,

    v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Appellee.

_____

Administrative Appeal from the Florida Department of Children and Families.

Samantha B. Myers, of Hall Booth Smith, P.C., West Palm Beach, for Appellant.

David G. Tucker, Regional Counsel, Northeast Region, Florida, of Department of Children and Families, Jacksonville, for Appellee.

June 21, 2024

PER CURIAM.

Appellant, S.W., appeals a final order dismissing his appeal from the Department of Children and Families' ("DCF") denial of Medicaid benefits. We reverse.

Appellant filed three separate applications for Medicaid benefits, one in September, October, and December of 2021, respectively. On January 20, 2022, DCF informed Appellant in a "Notice of Case Action" that the September application was denied. More than 90 days later, DCF took the position that this denial letter applied to all three applications.

As such, Appellant filed a request for hearing on the denial of the October and December applications, and DCF moved to dismiss the appeal as untimely. The hearing officer determined that the appeal was untimely and dismissed for lack of jurisdiction.

When an application is rejected, the applicant has a right to request a hearing. *See* Fla. Admin. Code R. 65-2.044. To that end, rule 65-2.046(1)(a) requires an applicant or authorized representative to "exercise the right to appeal within 90 calendar days" of the "date on the written notification of the decision on an application." Fla. Admin. Code R. 65-2.046(1)(a). However, "[t]he time limitation does not apply when the Department fails to send a required notification, fails to take action of a specific request or denies a request without informing the appellant." Fla. Admin. Code R. 65-2.046(2).

On appeal to this court, Appellant contends that his request for a hearing on the October and December applications was timely because the denial letter only provided notice as to the September application. We agree.

Importantly, not only did the denial letter reference only the September application, DCF never informed Appellant that it was treating the October and December applications as duplicative or as addendums to the September application. To the contrary, it appears from our record that DCF acted on them all individually. For instance, DCF requested specific information in response to each separate application, and notably, some of the requests for information varied substantively from one application to another. Based on the facts of this case, we conclude that the denial letter only applied to the September application and did not inform Appellant of a denial of the October and December applications.

DCF argues, inter alia, that the denial letter necessarily applied to all three applications because all three applications were assigned to a common case number. This argument deserves short shrift, however, because our record demonstrates that DCF also assigned the exact same case number to an application filed years ago. Clearly, the denial letter in this case did not apply to that application.

REVERSED and REMANDED.

MAKAR, EISNAUGLE, and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3